**Office of the New York State Attorney General**

**Letitia James Attorney General**

January 30, 2026

By ECF
Hon. David N. Hurd
United States District Court
Federal Building & U.S. Courthouse
10 Broad Street
Utica, New York 13501

Re: *U.S. v. City of Syracuse, et al.*, 80-cv-53 (N.D.N.Y.)
*Alexander v. Bahou, et al.*, 78-cv-392 (N.D.N.Y.)

Dear Judge Hurd:

This Office represents Defendants Bahou, Gambino, and McFarland (State Defendants), each of whom served as an officer for the New York State Civil Service Commission (Commission)[1], in the above-referenced matters. I write on behalf of State Defendants in response to the United States' motion to dissolve the consent decree in *Alexander v. Bahou*. Dkt. No. 77.[2] State Defendants take no position on the current motion before the Court but offer this letter to explain the status of the testing offered by the Commission.

**Background**

In 1978, the City of Syracuse (City) commenced *Alexander v. Bahou* against the Onondaga County Personnel Officer (County) and State Defendants, alleging that the Commission's civil service examinations for police and firefighters administered at the time disproportionately screened out black applicants. *See Alexander v. Bahou, et al.*, 78-cv-392 (N.D.N.Y.). As to the Commission, the City requested declaratory and injunctive relief prohibiting the use of the Commission's then current civil service examinations and an order requiring the Commission to develop and issue new examinations that comply with federal law. *Id.* In 1980, while *Alexander v. Bahou* was pending, the United States sued the City, State Defendants, and the County, alleging

[1] Defendants Bahou, Gambino and McFarland are deceased and were sued only in their official capacity. Pursuant to FRCP 19, the current Commissioner and President of Civil Service, Timothy R. Hogues, should be substituted for Defendants Bahou and Gambino, and Executive Deputy Commissioner Rebecca A. Corso should be substituted for Defendant McFarland. State Defendants request that the caption in this matter be amended to account for this substitution.
[2] Dkt. references and pagination refer to the docket and documents in the matter of *Alexander v. Bahou, et al.*, 78-cv-392.

that the entrance examinations for City police and firefighters had a disproportionally adverse effect on black and female applicants. *See U.S. v. City of Syracuse*, *et al.*, 80-cv-53 (N.D.N.Y.).

Ultimately, the parties resolved both matters and on March 27, 1980, the Court consolidated the cases (Consolidation Order, Dkt. No. 12) and issued the Consent Decree (Decree) setting forth the terms of that resolution (*see* Consent Decree, Dkt. No. 11).

**<u>The Commission's Obligations Under the Consent Decree</u>**

As to State Defendnats, the Decree required that the Commission provide civil service examinations for entry-level police officer and firefighter positions which accurately measure an applicant's ability to perform on the job. Decree ¶¶ 1(b), 14(a). The Decree further provided that if the Commission's newly developed examinations have an adverse impact on blacks and/or females and the examinations preclude the City from meeting its interim hiring goals set forth in the Decree, upon a party's application within 10 days of the certification of the eligible list, the Court shall require the Commission to provide evidence within 45 days that the examination is validated within the meaning of the Uniform Guidelines on Employee Selection Procedures. *See* Decree ¶ 14(a).

**<u>The Commission's Development and Issuance of New Civil Service Examinations</u>**

In 2013, in resolution of the United States's motion to reopen the cases and for additional relief, the United States and the Commission agreed to facilitate the creation of new examinations to be used in the City's selection of entry-level firefighters and police officers. *See* Order Granting United States Motion to Withdraw Request for Add'l Relief, Dkt. No. 43.

Thereafter, in April 2019, the Commission issued a new entry-level firefighter examination and, in September 2019, the Commission issued a new entry-level police officer examination. *See* United States Mot. for Partial Dissolution, Dkt. No. 49; Mem. of Law in Supp. Dkt. 49-1, 10-11.

**<u>United States' September 2020 Motion to Dissolve Consent Decree</u>**

Based in part on the Commission's development and issuance of new tests, on September 16, 2020, the United States moved to dissolve the consent decree except insofar as it required the Commission to administer the entry-level police officer examination one additional time. *See* Mem. of Law in Supp. of Mot. for Partial Dissolution. State Defendants joined the United States' motion. State Defs.' Resp., Dkt. No. 60.

On January 12, 2021, the Court granted the United States' motion, in part, and directed the modification of Paragraph 1(a) of the Decree to clarify that the City may not use separate eligibility lists for women and African American candidates, but the City may grant priority to African Americans and females who have successfully passed the applicable civil service examinations. Decision and Order, Dkt. 70 at 23. The Court left the rest of the Decree intact. *Id*.

**<u>The Commission's Continuing Compliance</u>**

As noted above, since April 2019 the Commission has been complying with its obligations under the Consent Decree to develop and issue civil service examinations for entry-level police officer and firefighter positions which accurately measure an applicant's ability to perform on the job. Decree ¶¶ 1(b), 14(a). Moreover, no party has notified the Court under the Decree's dispute

resolution procedure set forth in ¶ 14(a) that the Commission's newly developed examinations have an adverse impact on blacks and/or females and the examinations preclude the City from meeting its interim hiring goals set forth in the Decree.

As there is no dispute that the Commission has satisfied its obligations under the Decree, State Defendants take no position on the current motion before the Court.

Respectfully submitted,

s/ WILLIAM A. SCOTT
William A. Scott
Assistant Attorney General
(518) 776-2255
william.scott@ag.ny.gov